Argued and submitted March 16, affirmed April 19, 2017

## Scott V. MORELLI,
*Petitioner,*

*v.*

## ARGONAUT INSURANCE COMPANY
and Tektronix Inc.,
*Respondents.*

Workers' Compensation Division
14043H; A160635

395 P3d 650

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Trisha D. Hole argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

## PER CURIAM

Claimant, who depends on a wheelchair for mobility, appeals a final order of the Director of the Department of Consumer and Business Services that concluded that lawn care services recommended by claimant's attending physician are not compensable medical services under ORS 656.245(1)(b).[1] Claimant's physician noted that there are adaptations available for people with disabilities to allow them to mow their lawns but did not recommend such adaptations for claimant in order to preserve his shoulder function. Instead, claimant's physician asked that insurer consider paying for his lawn care. On appeal, claimant contends that lawn care services constitute direct medical services because they serve the purpose of maintaining the functionality of an injured body part and because they prevent further worsening of a compensable condition. Claimant also argues that lawn care services qualify as a prosthetic, because they are a "substitution for a prosthesis [that] he cannot use because of the circumstances of his compensable injuries."

Consistent with our prior case law, we conclude that lawn care services do not constitute medical or "other related services" within the meaning of ORS 656.245(1)(b), because "they are not of the same kind or class as those services specifically enumerated in the statute." *See Lorenzen v. SAIF*, 79 Or App 751, 752, 719 P2d 1336, *rev den*, 301 Or 667 (1986) (concluding that child care services are not compensable medical services); *see also Baar v. Fairview Training Center*, 139 Or App 196, 205-06, *rev den*, 323 Or 690 (1996) (concluding that housekeeping services are not compensable medical services). Further, under the circumstances presented here, we are not persuaded that lawn care services, regardless of whether they are a substitute, constitute a prosthetic under the statute. *But cf. SAIF v. Glubrecht*, 156 Or App 339, 348-50, 967 P2d 490 (1998) (concluding that

---

[1] ORS 656.245(1)(b) provides, in part:

"Compensable medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services."

structural modifications to the claimant's home constituted "prosthetic appliances, braces and supports" because they were "an extension of the wheelchair itself, without which the wheelchair could not serve as the tool it is intended to serve").

Affirmed.